**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FLOYD WEATHERSPOON,
*Defendant-Appellant.*

No. 99-4689

On Remand from the United States Supreme Court.
(S. Ct. No. 00-6433)

Submitted: November 29, 2001

Decided: December 28, 2001

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Walter Thaniel Johnson, Jr., Juanita Boger Allen, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

This case is on remand from the United States Supreme Court for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). The Court decided *Apprendi* after a jury convicted Floyd Weatherspoon of conspiracy to distribute more than fifty grams of crack cocaine and to possess quantities of cocaine with the intent to manufacture crack, in violation of 21 U.S.C. § 846 (1994); possession with intent to distribute more than fifty grams of crack, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001); and possession of more than 500 grams of cocaine with the intent to manufacture crack, in violation of § 841. The district court sentenced Weatherspoon to three concurrent 328-month terms of incarceration, and we affirmed his convictions and sentences. *United States v. Weatherspoon*, No. 99-4689, 2001 WL 731917 (4th Cir. June 6, 2000) (unpublished), *vacated*, 531 U.S. 1135 (2001). We grant Weatherspoon's motion to file a pro se supplemental brief on remand, and, after reviewing his convictions and sentences for plain error in light of *Apprendi*, we affirm.[1] *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (en banc) (discussing plain error standard of review), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

In *Promise*, we applied *Apprendi* to drug offenses in §§ 841 and 846 and held that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *Id.* at 156-57 (footnotes omitted). Here, drug quantity was charged in the indictment and submitted to the jury. We therefore find no error under *Apprendi*. *United States v. Richardson*, 233 F.3d 223, 230-31 (4th Cir. 2000) (holding that no *Apprendi* error occurred when indictment charged drug quantity and jury was instructed that government had to prove offenses as charged in indictment), *petition for*

---

[1]Because *Apprendi* does not affect the reasoning in our prior opinion in this case, we adhere to that decision.

*cert. filed*, Mar. 19, 2001 (No. 00-9234). Nor do we find plain error in the district court's application of the obstruction of justice enhancement in *U.S. Sentencing Guidelines Manual* § 3C1.1 (1998), which Weatherspoon alleges violates *Apprendi*. *United States v. Kinter*, 235 F.3d 192, 200-01 (4th Cir. 2000) (holding that *Apprendi* does not apply to judge's exercise of sentencing discretion within statutory range, so long as defendant's sentence is not set beyond maximum term specified in substantive statute), *cert. denied*, 121 S. Ct. 1393 (2001).

Weatherspoon also raises several other claims in his pro se supplemental brief on remand, none of which has merit. Although Weatherspoon contends that, after *Apprendi*, § 841 is unconstitutional, we recently rejected that claim. *United States v. McAllister*, ___ F.3d ___, 2001 WL 1387341, at *2 (4th Cir. Nov. 8, 2001). Contrary to Weatherspoon's contention that the indictment was constructively amended, his claims are belied by the record. Finally, with regard to his claim that the district court erred in failing to require the jury to find the object or objects of the conspiracy,[2] we find that his claim is foreclosed by the mandate rule. *See United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993). Even if this claim were not foreclosed by the mandate rule, it is meritless because the jury found Weatherspoon guilty of possession with intent to distribute more than fifty grams of cocaine base and possession of more than 500 grams of cocaine with intent to manufacture cocaine base. It is thus clear that the jury found that both cocaine base and cocaine were objectives of the conspiracy.

Accordingly, we affirm Weatherspoon's convictions and concurrent 328-month sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]*See United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir.) (en banc), *and cert. denied*, 530 U.S. 1222 (2000).